UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARDELL JOSEPH ANDERTON,<br><br>                 Plaintiff,<br>  v.<br><br>BANNOCK COUNTY & STATE OF IDAHO and other unknown or as yet unnamed parties 1-100,<br><br>                 Defendants. | Case No. 4:14-cv-00114-BLW<br><br>**ORDER** |

Pending before the Court are the following motions: (1) Defendant Bannock County's Motion for Summary Disposition; (2) Bannock County's Motion for Rule 11 Sanctions; and (3) Defendant State of Idaho's Motion for Judgment on the Pleadings. *See* Dkts. 27, 29, and 30, respectively. Additionally, Plaintiff Bardell Anderton has filed a "Petition to Remove State Cases" and a "Petition for Injunction." *See* Dkts. 11, 12.

For the reasons expressed below, the Court will dismiss all claims against the State of Idaho. The claims against Bannock County will also be dismissed, though the Court will grant Anderton the opportunity to file an amended complaint. The Court will deny Bannock County's Motion for Sanctions. It will also deny Anderton's pending petitions.

**MEMORANDUM DECISION & ORDER - 1**

## BACKGROUND

Pro se plaintiff Bardell Anderton alleges a variety of wrongs, including perjury, treason, fraud, deceit, extortion, conspiracy, and malfeasance. *Am. Compl.*, Dkt. 4, at 3, 4, 9, 26.[1] Given these wide-ranging allegations, the Court cannot be entirely sure of the precise nature and scope of the claims plaintiff is attempting to allege. But Anderton's chief complaint is defendants' alleged imposition and collection of "unlawful" property taxes. *Id.* at 3, 4, 9, 22, 26, 28. Anderton also alleges that in September 2013, Bannock County wrongly auctioned off his real property to a third party, Net Prophet LLC. *Id.* at 10.

Anderton alleges that at some unspecified point (presumably before the September 2013 sale), he asked Bannock County to tell him the balance owed for all "purported Taxes, Interest and Penalties and etc." *Id.* at 9. Anderton then "drew a Promissory Note . . . and sent it to the Tax Collector of Bannock County" as payment. *Id.* The County verbally refused payment, but nevertheless "never returned [Anderton's] Note or rejected it in writing!" *Id.* Anderton's theory is that he paid his property taxes, which he believes to be unconstitutional, with a promissory note.

Based on these facts, Anderton appears to be alleging claims for: (1) unlawful assessment and collection of taxes; (2) unlawful taking of property, based on Bannock County's refusal to accept Anderton's promissory note as payment for property taxes,

---

[1] When citing to the amended complaint, the Court will cite to the page numbers shown on the bottom of the complaint's pages, as opposed to the docketing numbers reflected at the top of the page.

and (3) due-process violations.[2]

In his prayer for relief, Anderton asks for, among other things:

(1) a "Judgment and Order quashing the QUIT CLAIM DEEDS issued by the County of Bannock to Net Prophet LLC, declaring their sale/purchase illegal, null and voice based upon the Constitution of the United States of America and Bill of Rights";

(2) a "Judgment upholding the Validity of Allodial Land Title;"

(3) a "Judgment declaring the Actions of the Legislature Null and Void for passing Unconstitutional Taxing Laws; regarding Real Estate of Plaintiff . . . ."; and

(4) a "Judgment . . . to determine the UNLAWFUL of taking Money for Real Property Taxes, Interest, Penalties and Costs since and including 1955 . . . ."

*Id.* at 28.

## ANALYSIS

Plaintiff has not responded to defendants' pending motions. As such, the Court could simply grant the motions and dismiss plaintiff's complaint with prejudice. *See* Idaho Dist. L. R. 7.1(e)(1) ("if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to . . . the granting of said motion . . . ."). The Court will, however, address the substance of plaintiff's complaint.

## ANALYSIS

**1.    Sovereign Immunity**

The Court will first address the State of Idaho's global argument that it is immune

---

[2] The amended complaint on file with the Court is missing various pages, and Anderton has not responded to the Court's request that he file the missing pages with the Court. *See Dec. 30, 2014 Order*, Dkt. 32 (requesting that missing pages be filed by Jan. 13, 2015).

from suit under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state and its agencies brought by its own citizens and citizens of other states. U.S. Const. amend. XI; *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state may waive its sovereign immunity, but Idaho has not waived sovereign immunity for state or federal constitutional violations. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hickman v. Idaho State Sch. & Hosp.*, 339 F. Supp. 463 (D. Idaho 1972). Anderton's constitutional claims against the State are thus barred as a matter of law.

2. **Idaho's Tort Claims Act**

The next global argument is Bannock County's contention that Anderton's complaint is barred because he did not comply with the notice requirements of Idaho's Tort Claims Act. *See* Idaho Code § 6-906. The Court is not persuaded. Anderton is not alleging state-law claims. Rather, he is attempting to allege federal constitutional claims. Anderton is not required to file a tort claim to move forward on these claims – assuming they are adequately alleged. *See Hallstrom v. City of Garden City,* 991 F.2d 1473, 1479 n. 9 (9th Cir. 1993) (affirming federal district court's dismissal of state-law claims for failing to file timely notice under the Idaho Tort Claims Act, but allowing the federal constitutional claims to move forward on the merits); *BHA Invs., Inc. v. City of Boise,* 108 P.3d 315 (Idaho 2004) (failure to comply with notice requirements of Idaho Tort Claim Act does not bar . . . [plaintiff's] claim based upon the Takings Clause in the Constitution of the United States"). Thus, the key question presented is whether Anderton has sufficiently alleged that Bannock County violated any of his federal constitutional rights.

### 3. Anderton's Challenge to the Constitutionality of Property Taxes

As noted above, Anderton's key complaint is that the County has unlawfully imposed and collected taxes. The County contends that the Court does not have subject-matter jurisdiction over such a claim, and thus moves for dismissal under Federal Rule of Civil Procedure 12(b)(1).

There are two types of Rule 12(b)(1) motions: facial and factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

If the defendant launches a facial attack, the Court accepts as true all factual allegations in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). Still, though, to survive a Rule 12(b)(1) motion, plaintiff must allege a *plausible* set of facts that establish subject-matter jurisdiction. *Terenkian v. Republic of Iraq,* 694 F.3d 1122, 1131 (9th Cir. 2012) (*Twombly/Iqbal* applies to facial attacks on subject matter jurisdiction).

To resolve a factual attack on jurisdiction, by contrast, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits

or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The district court does not abuse its discretion by looking to materials outside the pleadings in deciding the issue, even if it becomes necessary to resolve factual disputes. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989).

Although the County presents extrinsic evidence to support its motion, plaintiff's first claim for relief is facially defective. The overriding theme of this claim is that plaintiff is not obligated to pay property taxes because he holds "allodial title" to his land. *See Am. Compl.*, Dkt. 4, at 3; *see also id.* at 26 (first claim for relief asserts the defendants have unlawfully "assessed Taxes and Collected monies . . . in violation of the Constitution . . . ."). The Court has no jurisdiction over such claims. *See Jerron West, Inc. v. California Bd. of Equalization,* 129 F.3d 1334, 1338 (9th Cir. 1997).

Federal district courts are courts of limited jurisdiction, and Congress may divest them of jurisdiction. The Tax Injunction Act is an example of such a divestiture. *See* 28 U.S.C. § 1341. It provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Courts have held that the Tax Injunction Act and principles of comity restrict two types of suits: (1) suits for declaratory relief holding state tax laws unconstitutional, and (2) suits seeking damages related to the imposition of unconstitutional taxes. *See California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981). There is an exception when plaintiffs do not challenge the

constitutionality of the taxes, but instead allege that they have no "plain, speedy and efficient remedy" in state courts. 28 U.S.C. § 1341. Further, many courts have observed that "allodial title to land is an archaic concept not recognized in modern United States law for property ownership by individuals." *United States v. Manke*, Case No. 04-175-1-CR-W-FJG, 2012 WL 1898757, at *6 (W.D. Mo. May 23, 2012).

Based on these authorities, Anderton's entire complaint is deficient to the extent it alleges that defendants violated his constitutional rights simply by imposing or collecting taxes. *See Am. Compl.*, Dkt. 4, at 26, 28. Liberally construed, however, Anderton is also attempting to allege two claims – a takings violation and a due-process violation – that are *not* based on the general assertion that property taxes are unconstitutional. The Court has jurisdiction over these claims, and will address each in turn below.

4. **Anderton's Due-Process Claim**

Anderton's due-process claim rests on the allegation that Bannock County sold his property without first notifying him. *See Am. Compl.* ¶ 13 (alleging that "Plaintiff had never heard anything more regarding the Taxes or what they were doing until mid to late Oct. 2013, two gentlemen came to my business . . . and stated 'they were 'Net Prophet Corporation" and had purchased two (2) of Plaintiff's properties . . . ."); *see generally* U.S. Const. amend. 5 ("No person shall be ... deprived of life, liberty or property, without due process of law."). Bannock County, however, submitted affidavits demonstrating that Anderton was notified of tax sales. *See Affidavits of Compliance,* Dkt. 27-2. The County thus asks for "summary disposition" of this claim.

The Court will treat Bannock County's Motion for "Summary Disposition" of the due-process claim as one for summary judgment under Rule 56. *See Oct. 20, 2014 Notice*, Dkt. 31 (notifying Anderton, as a pro se litigant, that motions to dismiss may be treated as Rule 56 motions). Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court will grant summary judgment on Anderton's due-process claim. As noted, the County demonstrated that Anderton received notice of tax sales. Anderton has not come forward with any evidence or argument challenging this evidence. His due-process claim thus fails as a matter of law.

5. **Anderton's Takings Claim**

The Court will next address Anderton's claim that his property was taken without just compensation. *Am. Compl.* at 9, Dkt. 4 at 9; *see generally* U.S. Const. amend. 5 ("nor shall private property be taken for public use without just compensation"). From what the Court can gather, this claim is directed at parcels of land Net Prophet allegedly purchased at auction. *See id.* at 13-15.

This claim, as presently drafted fails for two reasons.

First, to the extent this claim is based upon a theory that Anderton is not lawfully required to pay property taxes, it fails for the reasons stated above – namely, this Court does not have jurisdiction over claims challenging the constitutionality of state taxing laws.

Second, to the extent Anderton is alleging that he paid the taxes for these

properties, but that they were nonetheless taken "without just compensation," Anderton's claim fails. Here, Anderton does not plausibly allege that he paid his property taxes. He relies on an allegation that he paid property taxes by delivering a promissory note to Bannock County. *See Am. Compl.*, Dkt. 4, at 9, 26; *see also May 30, 2012 Promissory Note,* Dkt. 28-1, at 5.[3] He further alleges that the County verbally told him that it could not accept the promissory note, but nevertheless "never returned . . . [the] Note or rejected it in writing!" *Id.* at 9. Plaintiff's theory is that because the County still has the written note in its possession, he has paid his taxes.

Property taxes cannot be paid with promissory notes. Idaho Code § 63-901 provides that "[a]ll property taxes must be paid in lawful money of the United States." "Lawful money," in turn, is defined as "currency and coin of the United States at par value and checks and drafts . . . payable upon demand or presentment" Idaho Code § 63-201. Anderton's claim that he "paid" his property taxes thus fails. Which means that he cannot rely on this alleged payment to support a claim that his property was taken "without just compensation." *See generally Nelson v. City of New York,* 352 U.S. 103 (1956). The Court will therefore dismiss Anderton's second claim, though it will grant plaintiff the opportunity to amend to the extent he is attempting to pursue a theory that defendants wrongfully took surplus equity in his property. *See generally Am. Compl.,* Dkt. 4, at 1 (alleging that the County Appraiser valued two of his properties at $300,000, but that a third party Net Prophet, purchased these properties for approximately $12,600);

---

[3] The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**MEMORANDUM DECISION & ORDER - 9**

*see also Coleman v. District of Columbia*, ___ F. Supp. 3d ___, 2014 WL 4819092 (D.D.C. Sept. 30, 2014) (former homeowner sufficiently alleged takings violation, given that the District of Columbia's tax sale statute provided that any surplus equity in home was irrevocably lost to a third party at public auction of tax lien).

6. **Bannock County's Motion for Sanctions**

Bannock County seeks sanctions against Anderton under Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 contains a safe-harbor provision, which requires the party seeking sanctions to first serve the motion on the opposing party, and then wait 21 days before filing the motion with the Court in an effort to allow the non-moving party to consider whether to withdraw the allegedly sanctionable allegations. Fed. R. Civ. P. 11(c)(2). Because Bannock County did not demonstrate compliance with this safe-harbor provision, the Court will assume non-compliance. Although the Court may nevertheless impose sanctions on its own, it chooses not to do so at this time. However, the Court feels obligated to warn Anderton that if he files future lawsuits against the County that simply assert the same failed claims made here, the Court will seriously consider imposing Rule 11 sanctions.

7. **Anderton's Petitions**

Lastly, the Court will deny Anderton's two pending petitions, which relate to his efforts to effectively stay certain state-court actions. In the first petition, Dkt. 11, Anderton asks the Court to remove four state-court cases "and join them with . . . [this federal action] as they contain basically the same subject matter and all involve matters of

Civil rights, the United States Constitutional and Bill of Rights Violations & Questions." Dkt. 11, at 1. In the second, related petition, Anderton asks the Court "for an injunction to stay all matters" in the four state-court cases. Dkt. 12.

These brief one-paragraph petitions do not provide the Court with sufficient information to address their merits. Further, they are moot based on the Court's decision to dismiss Anderton's complaint. The Court will therefore deny the petitions.

## ORDER

**It is ORDERED that:**

(1) Defendant State of Idaho's Motion for Judgment on the Pleadings (Dkt. 30) is **GRANTED.**

(2) All claims against Defendant State of Idaho are **DISMISSED WITH PREJUDICE.**

(3) Defendant Bannock County's Motion for Summary Disposition (Dkts. 27, 28) is **GRANTED.**

(4) All claims against Bannock County are **DISMISSED WITH PREJUDICE,** with the exception of Anderton's second claim for relief, which the Court construes as seeking to allege a takings violation. The second claim for relief is **DISMISSED WITHOUT PREJUCICE**. For the reasons explained above, Anderton may file an amended complaint within 21 days of this Order.

(5) Defendant Bannock County's Motion for Sanctions (Dkt. 29) is **DENIED.**

(6) Anderton's Petition to Remove State Cases to U.S. Federal Court (Dkt. 11) is **DENIED AS MOOT.**

(7) Anderton's Petition for Injunction (Dkt. 12) is **DENIED AS MOOT.**

DATED: February 2, 2015



B. Lynn Winmill
Chief Judge
United States District Court